1

2    UNITED STATES DISTRICT COURT

3    EASTERN DISTRICT OF CALIFORNIA

4

5

6

7    STEVEN VLASICH,                          Case No. 1:13 cv 00326 LJO GSA PC

8                    Plaintiff,

9    vs.                                      ORDER DISMISSING COMPLAINT AND
                                              GRANTING PLAINTIFF LEAVE TO FILE
10   DR. NAREDDY, et al.,                     AN AMENDED COMPLAINT

11                  Defendants

12                                            AMENDED COMPLAINT DUE
                                              IN THIRTY DAYS

13

14   I.    **Screening Requirement**

15          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

16   action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule

17   302 pursuant to 28 U.S.C. § 636(b)(1).

18          The Court is required to screen complaints brought by prisoners seeking relief against a

19   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

20   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

21   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

22   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

24   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

25   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

26   1915(e)(2)(B)(ii).

27

28
                                              1

## I.  **Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Corcoran State Prison, brings this civil rights action against defendant CDCR officials employed by the CDCR at Corcoran.  Plaintiff names 35 individual defendants.

Plaintiff's complaint is over one hundred pages long, and recites numerous grievances regarding medical care from 1999 until the present.  The complaint consists largely of generalized grievances regarding Plaintiff's medical care.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions.  <u>Swierkeiwicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkewicz</u>, 534 U.S. at 512.  Detailed factual allegations are not required, but '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face."  <u>Iqbal</u>, 129 S.Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  <u>Iqbal</u>, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  <u>Id.</u> at 555-56 (internal quotation marks and citations omitted).  To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

As noted, the court must screen the complaint prior to service upon defendants.  28 U.S.C. § 1915A(b)(1),(2).   At the screening stage, the court is only determining whether Plaintiff states a colorable claim for relief.  Should Plaintiff state a claim for relief, the court will direct service of process.  A schedule for litigation will be set, including the opportunity to engage in discovery. Plaintiff does not need to prove his case at this stage of the litigation.  The court is only determining whether Plaintiff states a colorable claim.  Legal argument and evidence are not required at this stage of litigation.[1]

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner.  Plaintiff is advised that this court has pending before it many prisoner civil rights cases.  In the Eastern District of California, the federal judiciary is inundated with prisoner civil rights cases.  In the interest of judicial efficiency and in the interest of timely addressing the many constitutional claims before it, the court therefore directs Plaintiff to file an amended complaint that complies with the following conditions:

---

[1]While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage.  Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

1.  The amended complaint must be legibly written or typewritten on forms supplied by the court and signed by the plaintiff.

2.  The form must be completed in accordance with the instructions provided with the forms.

3.  The amended complaint must be a short, simple and concise statement of the claim.

4.  Additional pages beyond those allowed in the court's form may not exceed 25 pages without leave of court.

5.  The court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller in size than standard elite type.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send to Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint that complies with the above conditions;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

4

Dated:   **October 21, 2013**

UNITED STATES MAGISTRATE JUDGE

**/s/ Gary S. Austin**