UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DR. C. NAREDDY AND DR. O. BEREGOVSKAYA,<br><br>　　　　　Defendants. | Case No. 1:13-cv-00326-LJO-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESSES<br><br>(ECF NOS. 76 & 79) |

## I. BACKGROUND

Steven Vlasich ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's Second Amended Complaint, against defendants Dr. C. Nareddy and Dr. O. Beregovskaya ("Defendants") on a claim for inadequate medical care in violation of the Eighth Amendment. (ECF Nos. 17, 18, 21, & 22). The trial in this case is set for December 18, 2018, at 8:30 a.m. (ECF No. 81).

Plaintiff has filed motion for attendance of witnesses and a supporting declaration. (ECF Nos. 76 & 79). Defendants have filed their opposition to the motion (ECF No. 82), and Plaintiff has filed a reply to Defendants' opposition (ECF No. 84).

Plaintiff seeks to bring four inmate witnesses to trial: (1) Michael Dorrough; (2) Perry Robert Avila;[1] (3) Jerry Villegas; and (4) James Mickey. (ECF No. 76; ECF No. 79, p. 2).

---

[1] In his declaration, Plaintiff states that he "does not request witness Perry Robert Avila, since he did not put his CDCR number in his declaration, and Plaintiff does not know it." (ECF No. 79, p. 2). However, as the

1

Defendants objected to the attendance of all four witnesses. (ECF No. 82).

For the reasons described below, the Court finds that Mr. Dorrough, Mr. Avila, and Mr. Mickey should be brought to testify at the upcoming trial. Plaintiff's request for Jerry Villegas will be denied.

## II. DISCUSSION

"The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." Cummings v. Adams, 2006 U.S. Dist. LEXIS 9381, *6, 2006 WL 449095 (E.D. Cal. Feb. 17, 2006). Accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

After conducting a "cost-benefit analysis regarding whether the inmate[s] should come to court," Cummings, 2006 U.S. Dist. LEXIS 9381 at *7, the Court has determined that Mr. Dorrough, Mr. Avila, and Mr. Mickey should to come to court to testify. The Court will deny Plaintiff's motion as Mr. Villegas.

Both Mr. Dorrough and Mr. Avilia will allegedly testify that defendant Nareddy told an officer not to help Plaintiff at all when the officer tried to get Plaintiff a cane to assist him in walking to the clinic. (ECF No. 76).

Defendants object to the attendance of these two witnesses because Plaintiff did not allege their proposed testimony in his Second Amended Complaint, and did not provide their declarations to Defendants prior to opposing Defendants' motion for summary judgment. (ECF No. 82, pgs. 1-2). Additionally, Defendants argue that Plaintiff did not exhaust his administrative remedies regarding the subject matter of Mr. Dorrough or Mr. Avilia's proposed testimony. (Id. at 2). Defendants request leave to file a motion for failure to exhaust regarding the proposed testimony of Mr. Dorrough and Mr. Avilia. (Id. at 2). Notably, Defendants do not argue that the witnesses' testimony is irrelevant to the issues at trial.

Defendants objections are overruled. Plaintiff disclosed both witnesses to Defendants in written discovery and at his deposition. Additionally, exhaustion of administrative remedies

---

Court can locate Mr. Avila without Plaintiff providing his CDCR number, the Court will still consider Plaintiff's request for the attendance of Mr. Avila.

pertains to claims, not witnesses. Thus, Defendants cannot "file a motion for failure to exhaust regarding the proposed testimony of inmate Dorrough [and inmate Avila]," and that request will be denied. Finally, there is no requirement that evidence be submitted in connection with a motion for summary judgment in order to be presented at trial.

As Mr. Dorrough and Mr. Avilia's testimony is relevant to whether Dr. Nareddy was deliberately indifferent to Plaintiff's serious medical needs, the Court finds that the benefit of bringing these witnesses to court outweighs the costs, and that these inmates will be compelled to attend Court to provide testimony.

Turning to the next witness, Mr. Mickey was allegedly Plaintiff's cellmate for at least a portion of the relevant period. Mr. Mickey can allegedly testify regarding Plaintiff's pain and suffering, as well as to certain incidents described in the complaint, including the problems Plaintiff had in his cell after his walker was confiscated.

Defendants object to the attendance of Mr. Mickey because his proposed testimony is duplicative and/or not relevant. (ECF No. 82, p. 3).

As Plaintiff's cellmate, it appears that Mr. Mickey has personal knowledge of relevant information. Thus, after conducting a cost-benefit analysis, the Court finds that Mr. Mickey should come to Court. Defendants' objection that some of Mr. Mickey's testimony would be duplicative because Plaintiff himself could testify as to that information is not well taken. Plaintiff calling one witness to corroborate what appears to be at least partially disputed testimony is not a waste of time or a needless presentation of cumulative evidence.

As to Defendants' objections regarding the relevance of certain portions of Mr. Mickey's proposed testimony, the Court notes it is only determining that Mr. Dorrough, Mr. Avila, and Mr. Mickey should be brought to Court to testify because some of their testimony is sufficiently relevant to warrant the cost. The Court is not precluding objections to their testimony, which will be addressed either in motions *in limine* or at trial.

As to Mr. Villegas, the Court will not order that he be transported to Court. Mr. Villegas will allegedly testify that he was similarly situated to Plaintiff, and that he received (what Plaintiff believes to be) better care than Plaintiff. (ECF No. 79, p. 1). As the Court

stated when Plaintiff submitted Mr. Villegas's medical records in support of his opposition to Defendants' motion for summary judgment, "[t]he fact that two other inmates, whose medical histories appear to be different than Plaintiff's, received different treatments than Plaintiff[,] does not show that Defendants were deliberately indifferent to Plaintiff's serious medical needs." (ECF No. 53, p. 35; ECF No. 59). As to Mr. Villegas's testimony that would allegedly show that defendant Beregovskaya violated policy in her treatment of Mr. Villegas, this testimony is not sufficiently relevant to Plaintiff's case to warrant transporting Mr. Villegas to Court to testify.[2]

Accordingly, Plaintiff has not shown that the testimony offered by Mr. Villegas would be sufficiently relevant to justify the cost of bringing him to court.

Therefore, after conducting a cost-benefit analysis, the Court finds that Mr. Dorrough, Mr. Avila, and Mr. Mickey should be brought to testify at the upcoming trial.

**III.  ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for the attendance of witnesses is granted in part.

Approximately one month before the trial the Court will issue writs of habeas corpus ad testificandum to have Mr. Dorrough, Mr. Avila, and Mr. Mickey brought to the court to testify at the trial.

IT IS SO ORDERED.

Dated: **September 25, 2018**        /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] This ruling does not prevent Plaintiff from attempting to use Mr. Villegas's medical records to impeach defendant Beregovskaya, which is at least in part what Plaintiff appears to be asking that he be allowed to do in his motion for witnesses. The admissibility of such records will be determined by the trial judge in this case.