# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH,<br><br>  Plaintiff,<br><br>v.<br><br>DR. NAREDDY, et al.,<br><br>  Defendants. | 1:13-cv-00326-LJO-EPG (PC)<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>(ECF No. 93) |

## I. INTRODUCTION

This case proceeds on Plaintiff's claims under 42 U.S.C. § 1983 related to medical treatment provided to Plaintiff by Defendants Dr. C. Nareddy and Dr. O. Beregovskaya while Plaintiff was incarcerated at Corcoran State Prison. *See* ECF Nos. 17 (Second Amended Complaint), 21 (Findings & Recommendations ("F&Rs") recommending dismissal of certain claims), 22 (Order Adopting F&Rs). This matter is set for trial on December 18, 2018, at 8:30 a.m. Pursuant to the deadlines set forth in the Pre-Trial Order, ECF No. 92, Defendants filed two motions in limine on November 7, 2018, ECF No. 93, which Plaintiff opposed in part. ECF No. 98.

## II. DISCUSSION

Defendants bring two motions in limine: (1) to limit Plaintiff and his witnesses from offering unqualified expert medical opinions; and (2) to limit the testimony of Plaintiff and his witnesses to only what they directly heard or perceived.

**A.    Motion to Limit Plaintiff and His Witnesses from Offering Unqualified Medical Opinions**

As to the first motion, among other things, Plaintiff's pretrial statement asserts several medical facts pertaining to his back problems and medical treatments, and offers opinions about the quality of his medical treatment. *See* ECF No. 92 at 2-7. Plaintiff also suggests his witnesses will testify as to CDCR policies and identifies various medical records and documents related to CDCR policies he intends to use at trial. ECF No 78 at 11-21.

As lay persons, Plaintiff and his witnesses lack medical expertise to offer opinions or inferences about the nature of Plaintiff's alleged conditions/injuries. Fed. R. Evid. 701. Plaintiff and his lay witnesses can only testify as to their own direct personal observations. They may not make medical diagnoses, offer medical prognoses, or opine on medical causation of Plaintiff's conditions, as they are not expert in those areas.

Plaintiff appears to acknowledge this in his opposition, indicating that neither he nor his witnesses will be offering medical opinion about diagnoses or about correctional policies being broken. ECF No. 98 at 1. Plaintiff also indicates he will not be using exhibits "such as CDCR pain management guidelines, health care policies & procedures, [and] I.Q. criteria" in order to show Defendants violated their own policies. *Id*. Rather, Plaintiff suggests he will use these to "prove negligence" because those policies are equivalent to "community standards." *Id*. Plaintiff is not qualified to opine on any applicable medical standards of care. As Plaintiff suggests, however, it may be appropriate for Plaintiff to use these documents to cross-examine Defendants on their understanding of the applicable medical standards of care.

Accordingly, Defendants' motion is SUSTAINED. Plaintiff may not opine on medical conditions, medical causation, or the applicable standards of care. However, it may be appropriate for Plaintiff to utilize certain documents pertaining to medical diagnoses or standards of care for impeachment purposes.

### B. Motion to Limit Testimony of Plaintiff and His Witnesses to Only What They Directly Heard or Perceived

Defendants also move to preclude Plaintiff and his witnesses from testifying about anything other than what they directly heard or perceived. ECF No. 92 at 2-3. Plaintiff offers no opposition to this motion. The motion arises out of suggestions in the record that Plaintiff or his witnesses may testify about CDCR policies and/or whether those policies have been violated. Given the nature of this case, the only policies that even arguably could be relevant to Plaintiff's claims would be policies related to the provision of medical care. As discussed above, neither Plaintiff nor his witnesses have the expertise necessary to provide testimony about these issues. Accordingly, Defendants' motion is SUSTAINED.

IT IS SO ORDERED.

Dated: **November 26, 2018** /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE