# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH, | 1:13-cv-00326-LJO-EPG (PC) |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DEFENDANTS' REQUESTS |
| v. | |
| DR. C. NAREDDY and DR. O. BEREGOVSKAYA, | (ECF Nos. 123, 124) |
| Defendants. | |

This case involves claims by Plaintiff Steven Vlasich, a state prisoner proceeding *pro se* and *in forma pauperis*, that Defendants Dr. Nareddy and Dr. Beregovskaya (collectively "Defendants") were deliberately indifferent to his medical needs in violation of the Eighth Amendment and 42 U.S.C. § 1983. This matter is set for trial on February 26, 2019. On February 14, 2019, Defendants filed a Request for Clarification and for Issuance of Amended Pretrial Order ("First Request"), ECF No. 123, as well as a Request for District Judge Ruling on Parties' Evidentiary Objections in Deposition of Dr. Nareddy ("Second Request"), ECF No. 124.

In the First Request, Defendants ask for clarification as to whether Plaintiff's witness Perry Robert Avila will appear at trial. ECF No. 123 at 1-2. When trial in this matter was set to begin on December 18, 2018, Mr. Avila was excused from testifying due to active medical care. ECF No. 100. The medical care was projected to continue until January 13, 2019, and prevented Mr. Avila from leaving Centinela State Prison. *Id*. Defendants now question whether the writ of habeas corpus ad testificandum issued by Magistrate Judge Erica P. Grosjean requiring Mr. Avila to appear for the

1

February 26 trial was issued in error, and object to his attendance. ECF No. 123 at 2.

Mr. Avila previously was excused from testifying due to necessary medical treatment substantiated by a doctor's note. ECF No. 99. Based on the information in that note, the treatment has since concluded. There has been no new information adduced as to whether Mr. Avila's condition continues to prevent him from attending the trial. Therefore, the Court cannot conclude that there is any medical reason to excuse Mr. Avila from testifying. Defendants also object to Mr. Avila's testimony on the grounds that it would be duplicative of the testimony of Michael Dorrough, and that Plaintiff asserted in the past that he could "get by with only Witness Dorrough to attest to the statements made by Defendant Narreddy [sic] on 3-1-12." ECF No. 123 at 2. Magistrate Judge Grosjean previously considered Defendant's objections to Mr. Avila's attendance, and found that the benefits of bringing him to testify outweighed the costs. ECF No. 89 at 3. Additionally, Defendants have not shown how permitting Mr. Avila to testify would result in prejudice or otherwise outweigh the probative value of such testimony. The Court accordingly confirms the writ as to Mr. Avila's attendance at trial on February 26, 2019, and overrules the objection, without prejudice.

Defendants also state that they have not received a copy of Plaintiff's trial exhibits, and ask that the Court order Plaintiff to serve the exhibits on Defendants. ECF No. 123 at 2. The Court has received three copies of Plaintiff's exhibits, and will leave one set of exhibits in the Clerk of Court's office for Defendants to retrieve. The Court does not believe that an amended pretrial order is necessary.

In their Second Request, Defendants ask the Court to rule on objections to testimony elicited from Defendant Dr. Nareddy. ECF No. 124. As Dr. Nareddy would be unavailable to testify live at trial, Plaintiff conducted his direct examination via video deposition on November 30, 2018. ECF No. 124 at 1. Defendants object to portions of the testimony regarding the existence of a Federal Receiver to administer healthcare in California prisons and whether Dr. Nareddy was aware that the Prison Law Office attempted to contact the Receiver's office regarding Plaintiff's medical issues. *Id*. at 3. Defendnat argues that the testimony is not relevant, lacks foundation, calls for expert testimony, and is beyond the

scope of Dr. Nareddy's testimony and his involvement in this matter. *Id*. at 3. Defendants informally communicated their objections to Plaintiff on January 10, 2019, and he responded to the objections on January 13, 2019. *Id*. at 2. Defendants sent Plaintiff a letter on February 14, 2019, indicating that they would be filing the instant motion in limine. ECF No. 124 at 2.

Based on a preliminary review of the testimony, the Court would likely grant the motion in limine and exclude the objected-to testimony. However, Plaintiff is entitled to an opportunity to be heard on this matter. Due to the often significant delays in prison mail processing, and the impending trial date, the Court more probably than not will be unable to consider Plaintiff's position regarding the objections prior to February 26, 2019. Therefore, the Court will defer ruling on Defendants' objections until the day of trial in order to allow Plaintiff to be heard. The Court suggests that Defendants prepare two versions of the video deposition of Dr. Nareddy, one including the objected-to material and one without that segment.

IT IS SO ORDERED.

Dated: **February 20, 2019**    /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE