| | |
|---|---|
| STEVEN VLASICH, <br><br> Plaintiff, <br><br> v. <br><br> DR. C. NAREDDY and DR. O. BEREGOVSKAYA, <br><br> Defendants. | 1:13-cv-00326-LJO-EPG (PC) <br><br> **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR NEW TRIAL** <br><br> (ECF NO. 140) |

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Steven Vlasich, a state prisoner proceeding *pro se* and *in forma pauperis*, alleged in this case that Defendants Dr. Nareddy and Dr. Beregovskaya (collectively "Defendants") were deliberately indifferent to his medical needs in violation of the Eighth Amendment and 42 U.S.C. § 1983. After a jury trial on February 27 and 28, 2019, ECF Nos. 133 & 134, the jury quickly returned a special verdict indicating that Plaintiff did not have a serious medical need. ECF No. 135. Plaintiff now moves for a new trial pursuant to Federal Rule of Civil Procedure 59 ("Rule 59"),[1] arguing that the verdict was "against the evidence bordering on jury nullification." ECF No. 140 at 1.

Rule 59(a)(1)(A) authorizes granting a "new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Grounds for a Rule 59(a) motion include the "verdict is against the weight of the evidence." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). A new trial may be granted based on the argument that the evidence did not support the verdict only if the verdict is against the "great weight" of the evidence or "it is quite clear that the jury has reached a seriously erroneous result."

---

[1] His motion references Fed. R. Civ. Pro. 59(b), which sets forth the time to file a motion for a new trial, so the Court assumes he brings this motion under Fed. R. Civ. Pro. 59(a).

1

*Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987). The grant of a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon*, *Inc.*, 449 U.S. 33, 36 (1980). "The trial court's decision, therefore, will not be reversed absent a showing of abuse of discretion." *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990). On a new trial motion, a district court has the right and duty "to weigh the evidence as he saw it . . ." *Id*. (internal citation and quotation omitted). "The judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir.1987). "If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial." *Id*. at 1371-1372; *see also Tan Lam v. City of Los Banos,* No. 2:15-CV-00531 MCE KJN, 2018 WL 6068048, at *2 (E.D. Cal. Nov. 20, 2018).

Here, Plaintiff concedes that the Court properly instructed the jury on what constitutes a serious medical condition, ECF No. 140 at 1, but nonetheless maintains that the evidence he presented of serious back pain, withdrawal symptoms, hypertension, tachycardia, black-outs, and incontinence was so overwhelming that the jury could not (and certainly not so quickly) have reached the verdict it did without failing to adhere to the law, *id*. at 2. The Court does not agree. The matters in dispute were fact questions for the jury to decide and the evidence presented could have gone either way. The record provides the Court with no basis on which it could conclude that the jury made a mistake, let alone that the jurors ignored the law provided to them.

The motion for a new trial is DENIED.

IT IS SO ORDERED.

Dated: **April 3, 2019**         **/s/ Lawrence J. O'Neill**
                                  UNITED STATES CHIEF DISTRICT JUDGE